FILED

2017 JAN 12 AM 9:05

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CARLOS AUGUSTO CARRETONI VAZ ) <br> ) <br> Plaintiff/Petitioner, ) <br> ) <br> v. ) <br> ) <br> NOENIR ALBERNAZ VANDONI ) <br> ) <br> Defendant/Respondent. ) <br> ) | CIVIL ACTION FILE <br> NO.  6:17-cv-54-ORL-31TBS |

## VERIFIED COMPLAINT AND PETITION UNDER HAGUE CONVENTION FOR RETURN OF THE CHILDREN TO PLAINTIFF/PETITIONER

Plaintiff and Petitioner, CARLOS AUGUSTO CARRETONI VAZ, respectfully shows this Court as follows:

### I. INTRODUCTION

1. This action is brought by CARLOS AUGUSTO CARRETONI VAZ, ("Mr. Carretoni") a citizen of Brazil, to secure the return of his eleven-year-old daughter, A.E.V.C., and his nine-year-old daughter, V.V.C., (together, "Children"), who were, without Petitioner's consent or acquiescence, wrongfully removed from Brazil and brought to the Middle District of Florida by the Children's Mother, NOENIR ALBERNAZ VANDONI ("Ms. Vandoni").

2. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[1] and

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1,225 14 U.N.T.S. at 98, *reprinted in* Feder. Reg. 10494 (1986).

1

International Child Abduction (the "Hague Convention" or the "Convention")[1] and the International Child Abduction Remedies Act ("ICARA").[2] A copy of the Hague Convention and ICARA are attached hereto as Exhibit's A and B, respectively. The Hague Convention came into effect in the United States of America on July 1, 1988, and has been ratified between, among other Contracting States, the United States of America and Brazil as of December 1, 2003.

3. The objects of the Hague Convention are:

   Article 1(a): To secure the prompt return of children wrongfully removed or retained in and Contracting State; and

   Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

   *(Id.)*

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of the underlying custody dispute.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 42 U.S.C. §11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction). Venue is proper pursuant to 42 U.S.C. § 11603 and 28 U.S.C. § 1391(b) because, upon

---

[1] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1,22514 U.N.T.S. at 98, *reprinted in* Feder. Reg. 10494 (1986).
[2] 42 U.S.C. §§11601 – 11610 (2011).

boyfriend, ALEXANDER VANDONI, in the city of Windermere, in the Orlando Division of the Middle District of Florida.

### III. STATEMENT OF THE FACTS

6. As noted above, Petition and Respondent are the parents of the children. The parents were married in Brazil on June 10, 2005. A copy of the wedding certificate and translation thereof are attached hereto as Exhibit C.

7. On XX/XX/2005, Ms. Vandoni gave birth to A.E.V.C. in Cuiaba-Mt, Brazil. A copy of A.E.V.C.'s birth certificate and a translation thereof are attached hereto as Exhibit D.

8. On XX/XX/2007, Ms. Vandoni gave birth to V.V.C. in Cuiaba-Mt, Brazil. A copy of V.V.C.'s birth certificate and a translation thereof are attached hereto as Exhibit E.

9. The parties were legally separated on January 3, 2007, which was later converted to divorce. A copy of the Brazilian legal separation/divorce documents and translation thereof are attached hereto as Exhibit F.

10. The Petitioner, Respondent and children are all Brazilian citizens, none of the parties are citizens of the Unites States of America, and upon information and belief, Respondent, Respondent's boyfriend, and the Children, all are in Orlando, Florida in the United States of America illegally.

11. The Petitioner is well-known and highly respected in his local community in Brazil, he is a medical physician (cardiologist) with no criminal background. He is married to Patricia Dourado Neves ("Ms. Neves") who is also a well-known and highly respected professional working in the medical community. On January 1, 2017, the Petitioner

was promoted to the very prestigious position of Municipality's Health Secretary for the Municipality of the State of Mato Grasso, the City of Chapada Dos Guimaraes City of Health. A certified translation of the Notice of Appointment and the Affirmation of Office and Appointment as the Municipality's Health Secretary is attached hereto as Exhibit G.

12. The Petitioner and Ms. Neves have an eight-year-old son, J.P.D. The Petitioner and his wife in Brazil have already made all the necessary arrangements and are completely prepared, willing and able with all the appropriate and necessary resources to bring the Children home to Brazil. The Petitioner has already even registered the Children for school in Brazil. A recent photograph of the Petitioner, his Wife, Patricia Dourado Neves, and their son is attached hereto as Exhibit H.

13. The Children attended school in Brazil until they were wrongfully removed by Respondent. Petitioner had been giving Respondent the money to pay for the school but, unbeknownst to Petitioner, Respondent kept the money for herself and did not pay the Children's school.

14. Following the separation and divorce, the Petitioner continued to exercise his parental rights and maintained his relationship with the Children without any issues until about the time his present wife became pregnant. It was about that time that Ms. Vandoni made many false and malicious claims about the Petitioner to the Brazilian Court. Following a very thorough investigation by the Brazilian Court and after lengthy litigation surrounding Ms. Vandoni's false and malicious allegations, the Honorable Judge Gleide Bispo Santos of the State of Mato Grosso, The Judiciary, Child and Youth

litigation surrounding Ms. Vandoni's false and malicious allegations, the Honorable Judge Gleide Bispo Santos of the State of Mato Grosso, The Judiciary, Child and Youth Department of the 1st Judicial Circuit Court in Brazil determined Ms. Vandoni's allegations to be unfounded.

15. Following the Brazilian Courts determination that Ms. Vandoni's malicious allegations had been false, then on or about December 2014, Ms. Vandoni, without the Petition's knowledge of consent, obtained vacation travel authorization to the United States based on fraudulent claims that that she did not know how to locate or otherwise contact Petitioner to obtain his authorization for the travel authorization. Based on that fraudulent claim, Ms. Vandoni was able to obtain the travel authorization and left Brazil with the Children without the Petitioner's knowledge.

16. Thereafter, based on information provided by the Brazilian Federal Police International Travel System, Ms. Vandoni brought the Children from Brazil to the United States on or about December 30, 2014. On February 3, 2015, Ms. Vandoni returned to Brazil <u>alone, without the Children</u>, and on March 10, 2015, she returned from Brazil to the United States. A Copy of the Brazilian Federal Police International Travel System History printout for Ms. Vandoni and the Children are attached hereto as Exhibit I.

17. The Children are presently in the United States illegally as their tourist visas expired May 2015 and the Children's Brazilian Passport's expired in November 2016. A copy of Anna Esther Vandoni Carretoni and Vitoria Vandoni Carretoni's passports and identification cards (although only poor copies are available) are attached hereto and marked as Exhibit J and K, respectively.

18. When Ms. Vandoni did not return with the Children to Brazil, the Petitioner initiated proceedings in Brazil and, after months of litigation in Brazil, on May 19, 2016 the Honorable Judge Gleide Bispo Santos of the State of Mato Grosso, The Judiciary, Child and Youth Department of the 1st Judicial Circuit Court in Brazil, issued an Order to the Office to the Special Secretary for Human Rights of the Presidency to take the necessary actions for the "repatriation of the Children, Anna Esther Vandoni Carretoni and Vitoria Vandoni Carretoni which are irregularly in the company of their Mother." A copy of the May 19, 2016 Order and certified translation thereof are attached as Exhibit L.

19. On June 1, 2016, the Honorable Judge Gleide Bispo Santos of the State of Mato Grosso, The Judiciary, Child and Youth Department of the 1st Judicial Circuit Court in Brazil, entered a Temporary Order for Child Custody of the Children in favor of the Petitioner. A copy of the June 1, 2016 Order and a certified translation thereof are attached hereto as Exhibit M.

20. On June 15, 2016, the Honorable Judge Gleide Bispo Santos of the State of Mato Grosso, The Judiciary, Child and Youth Department of the 1st Judicial Circuit Court in Brazil entered an Order supporting the finding that Ms. Vandoni's actions and conduct were in direct violation of the Hague Convention as of May 19, 2016 and further Ordering any and all actions necessary to ensure the safe return of the Children to the custody of the Petitioner and to Brazil. A translation of the June 15, 2016 Brazilian Order is attached hereto as Exhibit N.

6

21. In support of Petitioner's Complaint, the Honorable Judge Gleide Bispo Santos of the State of Mato Grosso, The Judiciary, Child and Youth Department of the 1st Judicial Circuit Court in Brazil has provided Petitioner with a written summary of the Respondent's fraudulent actions which culminated in Respondent obtaining the initial travel visas. A copy of the written summary from Judge Santos in support of Petitioner's Complaint and a translation thereof are attached hereto as Exhibit O.

22. The Honorable Judge Gleide Bispo Santos of the State of Mato Grosso, The Judiciary, Child and Youth Department of the 1st Judicial Circuit Court in Brazil (who speaks English) has explicitly and specifically requested that the United States Federal District Court Judge assigned to this Complaint contact her directly to assist in the expeditious resolution of this Complaint. Judge Santos may be reached until 7:00 P.M. eastern standard time at the following telephone numbers:

    +55 65 99667 3195 cellular   or

    +55 65 98402 7795

    +55 65 3653 1109

    +55 65 3645 8200

23. The Petitioner is now, at this moment, presently in Orlando, having traveled from Brazil specifically to file this Complaint, and in the hopes this matter might be handled expeditiously so that he may return promptly to Brazil with the Children.

24. The Petitioner's counsel's business location is in Broward County, Florida and she has travelled to Orlando to meet her client and file the Petition, Ex Parte Motion, Brief in support thereof and proposed Orders. Counsel presently plans to remain in Orlando

until Friday, January 13, 2017 pending notification from the court as to how to the Court wishes to proceed.

25. The Petitioner does not speak English and will need a Portuguese interpreter for any court proceedings

### III. WRONGFUL REMOVAL AND RETENTION OF CHILDREN BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

26. As set forth above, on or about May 20, 2016, in violation of the Order of Judge Gleide Bispo Santos referred to in paragraph 17 above, Respondent wrongfully retained the Children within the meaning of Article 3 of the Convention and continues to wrongfully retain the Children in the State of Florida, United States, in violation of Article 3 and despite Petitioner's efforts to have the Children returned.

27. Petitioner has never acquiesced or consented to the removal of the Children from Brazil to the United States or to their living outside of Brazil.

28. Respondent's removal and retention of the Children is wrongful within the meaning of Article 3 of the Convention because:

   a. It is a violation of the Petitioner's custody rights as established by Brazilian law. A copy of the Brazilian Civil Code Articles 1.583, 1.584, 1.634 and 1.635 are attached hereto as Exhibit O. Specifically, Respondent's removal and retention of the Children is in violation of Petitioner's rights of shared custody, including his right to participate in determining the city of residence for the Children which better serves the Children's interest, and in violation of Petitioner's custody rights as decreed by the Brazilian Judge. See Hague

Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");

b. At the time of the Children's removal from Brazil, the Petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the Children, Petitioner would have continued to exercise those rights; and

c. The Children were habitually resident in Brazil, their entire lives since their birth, within the meaning of Article 3 of the Convention immediately before their removal and retention by Respondent.

29. Based upon information provided by the United States Department of State Office of Children's Services, Respondent is presently wrongfully retaining the Children in the State of Florida, at 11564 Mission Drive, Windermere, Florida 34786 with her boyfriend and that Respondent has recently posted online videos actually showing the Children referring to Respondent's boyfriend, Mr. Vandoni, as Dad or Father.

30. Upon information and belief, the Children are presently attending school at Sunset Park Elementary School, located at 12050 Overstreet Road, Windermere, Florida 34786. The Principal of the school is Ms. Janet Bittick and the telephone number is 407-905-3724. School hours are Monday, Tuesday, Thursday, Friday 8:45 AM – 3:00 PM, Friday 8:45 AM – 2:00 PM.

31. The children are now nine and eleven years old. The Hague Convention applies to children under sixteen years of age and thus applies to both Children.

32. This Petition is filed less than one year from Respondent's wrongful retention of the Children in the United States on May 19, 2016. Petitioner has never consented or acquiesced to Respondent's wrongful removal or retention of the Children.

## V. PROVISIONAL REMEDIES
## (42 U.S.C. §11604 & HAGUE CONVENTION, ARTICLE 16)

33. Petitioner requests that this Court enter an immediate order restraining the Respondent from removing the Children from the jurisdiction of this Court, and a warrant seeking immediate physical custody of the children, directing any United States Marshall or other law enforcement officer to bring the Children before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

34. Petitioner has flown from Brazil to Orlando arriving on January 10, 2017, specifically to file this Complaint and with the hopes that this Court will expeditiously hear this matter and Order that he may promptly return to Brazil with the Children pursuant to the Brazilian Court's Order.

## VI. ATTORNEY FEES AND COSTS
## (42 U.S.C §11607)

35. To date, Petitioner has incurred attorneys' fees and costs as a result of the wrongful retention of the Children by Respondent.

36. Petitioner respectfully requests that this Court award him all costs and fees, including all transportation costs, incurred to date as required by 42 U.S.C. §11607.

## VII. NOTICE OF HEARING
## 42 U.S.C.§11603(c)

37. Pursuant to 42 U.S.C.§11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VII. RELIEF REQUESTED

WHEREFORE, Petitioner, CARLOS AUGUSTO CARRETONI VAZ, prays for the following relief:

(a) An immediate temporary restraining order prohibiting the removal of the Children from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint, and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Children from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

(b) The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an order that Respondent show cause at this hearing why the Children should not be returned to Petitioner's custody and to Brazil, and why such other relief requested in the Verified Complaint should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

(c) A final judgment in Petitioner's favor establishing that the Children shall be returned to Petitioner pursuant to the May 19, 2016 Temporary Order for Child Custody of the Children entered by the Honorable Judge Gleide Bispo Santos of the State of Mato Grosso, The Judiciary, Child and Youth Department of the 1st Judicial Circuit Court;

(d) An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 42 U.S.C. § 11607, such expenses

and costs to be resolved via post-judgment motion, consistent with the procedure outlined under Local Rule 4.18 of this Court; and

(e) For any such further relief as may be just and appropriate under the circumstances of this case.

I, CARLOS AUGUSTO CARRETONI VAZ, DECLARE UNDER PENALITIES OF PERJURY UNDER THE LAWS OF THE STATE OF FLORIDA THAT THE FOREGOING IS TRUE AND CORRECT

STATE OF FLORIDA

COUNTY OF ORANGE

_____
CARLOS AUGUSTO CARRETONI VAZ

The foregoing instrument was sworn to before me this 11th day of January, 2017 by CARLOS AUGUSTO CARRETONI VAZ who has produced Brazil Passport, Exp. Date 8/2025 as identification and who did take an oath.

NOTARY PUBLIC _____
STATE OF FLORIDA AT LARGE (SEAL)

Notary Public State of Florida
Stephanie P Cawein
My Commission FF 987887
Expires 06/29/2020

Dated: January 11 2017

_____
Stephanie Paige Cawein
Florida Bar Number 162507
Law Office of Stephanie P. Cawein, P.A.
507 S.E. 11th Court
Fort Lauderdale, FL 33316
Telephone 954-764-7007
E-mail address for Service:
Service@Caweinlaw.com
Secondary E-mail: Stephanie@Caweinlaw.com
Counsel for Plaintiff/Petitioner Carretoni

## CERTIFICATE OF FONT AND POINT SELECTION

I HEREBY CERTIFY that the foregoing was prepared with 1¼ inch margins and in Times New Roman font in 12 point type in compliance with Local Rule 1.05

*Stephanie P. Cawein*
Attorney for Plaintiff/Petitioner