**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARLOS AUGUSTO CARRETONI VAZ,**

    **Plaintiff,**

**v.**                                           **Case No: 6:17-cv-54-Orl-31TBS**

**NOENIR ALBERNAZ VANDONI,**

    **Defendant.**

## ORDER

This matter is before the Court on the Verified Complaint and Hague Petition to Return the Children (Doc. 1), and the Ex Parte Motion for Injunctive and Other Emergency Relief (Doc. 2), both filed by Carlos Augusto Carretoni Vaz.

**I.  Background[1]**

Carlos Augusto Carretoni Vaz ("Vaz") and Noenir Albernaz Vandoni ("Vandoni") were married on June 10, 2005, in Brazil and had two children—A.E.V.C., born in 2005, and V.V.C., born in 2007 (collectively "the children"). The children, Vaz, and Vandoni are all Brazilian citizens and none are citizens of the United States. On May 9, 2008, Vaz and Vandoni divorced.

Following the divorce, Vaz continued to exercise his parental rights and maintained his relationship with the children. In December 2014, Vandoni obtained authorization to travel to the United States for leisure without Vaz's knowledge, after falsely claiming that Vaz could not be located. On February 3, 2015, Vandoni returned to Brazil alone, leaving the children in the United

---

[1] The background information presented in this Order is based solely on the sworn representations contained in the Petition (Doc. 1).

States without either parent. Upon hearing of Vandoni's return without the children, Vaz initiated judicial proceedings in Brazil culminating in three orders: a May 19, 2016, order revoking Vandoni's travel authorization; a June 1, 2016, order granting Vaz temporary child custody; and a June 15, 2016, order directing the appropriate Brazilian authorities to take the necessary steps for repatriation of the children.

Vandoni and the children currently reside in Windermere, Florida. Vaz has travelled to Florida, obtained counsel, and filed this action requesting that the children be returned to Brazil under the Hague Convention on the Civil Aspects of International Child Abduction.

## II.     Discussion

Congress enacted the International Child Abduction Remedies Act ("ICARA") to implement the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), a treaty to which the United States and Brazil are signatories. 22 U.S.C. § 9001. The objectives of the Hague Convention are: (1) to secure the prompt return of children wrongfully removed or retained in a Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Int'l Child Abduction Treaty art. 1 §§ a–b, Oct. 25, 1980, T.I.A.S. No. 11670 (July 1, 1988). "Children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies." 22 U.S.C. § 9001(a)(4). This Court has proper jurisdiction over ICARA proceedings. *Id.* § 9003(a).

Petitioner has requested the issuance of temporary restraining order prohibiting the removal of the children from the Court's jurisdiction pending a hearing on the merits. A Court may issue a temporary restraining order without notice to the adverse party if "specific facts in . . .

a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

According to the verified complaint (Doc. 1), Vandoni wrongfully removed the children from Brazil under false pretense and without Vaz's consent or acquiescence, and has wrongfully retained the children in the United States. Given these facts, there exists a clear risk that Vandoni will further attempt to hide the children in violation of the Hague Convention, and avoid appearance before the Court. Thus, the Court finds it necessary to grant Petitioner's motion without notice.

It is therefore **ORDERED** that:

(1) The United States Marshal shall promptly serve Respondent with a copy of the petition and this Order.

(2) Respondent shall appear, **with the children**, before the Court on Wednesday, January 18, 2017, at 1:30 p.m. in Courtroom 5A located at 401 W. Central Blvd., Orlando, FL 32801, and show cause why the children should not be promptly returned to Brazil.

(3) Respondent shall have until January 17, 2017, to file a written response to this Order and the allegations set forth in the Petition.

(4) Respondent shall surrender her and the children's passports and all other travel documents to the United States Marshal and Respondent shall remain in the Orlando Division of the Middle District of Florida (Brevard, Orange, Osceola, Seminole, and Volusia counties) until further order of this Court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 12, 2017.



_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party