# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARLOS AUGUSTO CARRETONI VAZ,**

    **Plaintiff,**

**v.**                                                                                        **Case No: 6:17-cv-54-Orl-31TBS**

**NOENIR ALBERNAZ VANDONI,**

    **Defendant.**

## ORDER

This matter is before the Court after a show cause hearing and, based on the testimony, exhibits, and argument proffered therein, the Court finds the following.

### I. Background

Carlos Augusto Carretoni Vaz ("Vaz") and Noenir Albernaz Vandoni ("Vandoni") were married on June 10, 2005, in Brazil and had two children—A.E.V.C., born in 2005, and V.V.C., born in 2007 (collectively "the children"). The children, Vaz, and Vandoni are all Brazilian citizens and none are citizens of the United States. On May 9, 2008, Vaz and Vandoni divorced.

Following the divorce, Vaz and Vandoni entered into protracted litigation regarding the custody of the children, and Vaz's contact with the children was limited as a result. In December 2014, Vandoni obtained authorization to travel to the United States for leisure without Vaz's knowledge and after falsely claiming that Vaz could not be located. On February 3, 2015, Vandoni returned to Brazil alone, leaving the children in the United States without either parent. Upon hearing of Vandoni's return without the children, Vaz initiated judicial proceedings in Brazil culminating in three orders: a May 19, 2016, order revoking Vandoni's travel authorization; a June

1, 2016, order granting Vaz temporary child custody; and a June 15, 2016, order directing the appropriate Brazilian authorities to take the necessary steps for repatriation of the children.

Vaz has travelled to Florida, obtained counsel, and filed this action requesting that the children be returned to Brazil under the Hague Convention on the Civil Aspects of International Child Abduction.

## II.     Discussion

The International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, implementing the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670 (the "Convention"), entitles a person whose child has been wrongfully removed to the United States to petition a federal court to order the child returned. 22 U.S.C. § 9003(b). As stated in Article 1(a) of the Convention, the objective of the Convention is "to secure the prompt return of children wrongfully removed to or retained in any Contracting States . . . ." Article 3 of the Convention states that the removal of a child is wrongful where "(a) it is in breach of rights of custody . . . under the law of the State in which the child was habitually resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were actually exercised, either jointly or alone . . . ." Therefore, the threshold question to answer upon receiving a Hague Convention petition is: Where was the child's "habitual residence" at the time of the alleged wrongful removal or retention? *See Kijowska v. Haines*, 463 F.3d 583 (7th Cir. 2006).

While the Convention does not define "habitual residence" the Eleventh Circuit has explained that the "first step toward acquiring a new habitual residence is forming a settled intention to abandon the one left behind." *Ruiz v. Tenorio*, 392 F.3d 1247, 1252 (11th Cir. 2004). And the relevant "intention or purpose which has to be taken into account is that of the person or

*persons* entitled to fix the place of the child's residence." *Id.* (emphasis supplied) (quoting *Mozes v. Mozes*, 239 F.3d 1067, 1076 (9th Cir. 2001)).

Here, the facts of the verified complaint (Doc. 1) combined with the testimony proffered at the show cause hearing demonstrate that both Vaz and Vandoni were the *persons* entitled to fix the place of the children's residence at the time the children were removed from Brazil. There is no evidence that Vaz lost his custodial, parental rights as the father of the children—in fact the opposite is true. Vaz testified that he has made child support payments without fail and the verified complaint shows that he maintained his custodial rights throughout the Brazilian litigation surrounding custody the children. It is also clear that Vandoni unilaterally, and likely surreptitiously, removed the children from Brazil and travelled to the United States under the guise of vacation—giving Vaz no chance to agree to the resettlement of the children. Given these facts, the Court finds that Vaz maintained his custodial rights as the father of the children and never agreed to relocate the children to the United States. Thus, Brazil is the habitual residence of the children.

But the analysis does not end once the habitual residence has been identified. There are "several exceptions to the rule that a wrongfully removed or retained child must be returned to his or her place of habitual residence." *De La Riva v. Soto*, 183 F. Supp. 3d 1182, 1186–87 (M.D. Fla. 2016).[1] One such exception relevant to the current case is that a court is not bound to return a child to his habitual residence when the respondent "shows by clear and convincing evidence that 'there is a grave risk that his or her return would expose the child to physical or psychological

---

[1] While there are many exceptions, the Eleventh Circuit has emphasized that these are narrow exceptions, and that, even if the respondent establishes one or more of these exceptions, a court may still order the return of a child to his or her habitual residence. *Gomez v. Fuenmayor*, 812 F.3d 1005, 1011 (11th Cir. 2016).

harm or otherwise place the child in an intolerable situation.'" *Id.* (quoting the Convention art. 13(b)).

At the hearing, Vandoni testified that there had been physical abuse in the household in the past, but she could not provide specific details of the alleged abuse and the only additional evidence proffered was a protective order that was entered by a Brazilian court on facts that were subsequently disproven. Accordingly, the Court finds that Vandoni has failed to establish any exception to the removal of the children to Brazil.

Therefore, because the Court finds that Brazil is the habitual residence of the children and that Respondent has failed to show cause why the children should not be returned to Brazil, it is

**ORDERED** that the petition is hereby granted and that the children be returned to Brazil under the Hague Convention. The parties have agreed that Respondent will retain the children tonight, January 18, 2017, and surrender the children to Petitioner at 8:30 a.m. on January 19, 2017, in front of the United States District Court for the Middle District of Florida, 401 W. Central Ave., Orlando, FL 32801, and under the supervision of the United States Marshal. Once the children are delivered to Petitioner, Respondent may collect her passport from the Clerk. (*See* Doc. 14).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 18, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party